Although the action is called and is in form one for loss of service, yet the jury were authorized to consider the pecuniary loss sustained by the plaintiff by reason of the injury. They were not confined to the mere amount the child would be able to earn over and above the expense of her board, clothing and education, but could consider the extra care and expense that had been imposed upon the plaintiff through the fault of the defendant.

We cannot find in the amount of the verdict any evidence of passion or prejudice on the part of the jury.

Judgment affirmed, with costs.

BARNARD, P. J., concurs.

---

SAMUEL K. NELSON, Appellant, v. MAGDALENA BISCHOFF et al., Respondents.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

*Sheriff's fees. Where taxed.*—By section 3287 of the Code, a motion to tax the fees of a sheriff cannot be made outside of his county; and, upon seasonable objection in such case, the judge must refuse to proceed with the taxation; but proceeding without objection is a waiver.

This is an action of replevin. The sheriff of Richmond county took and held possession of the property until an order of discontinuance of the action was served upon him. Nearly four years afterwards the sheriff presented his bill for his fees to plaintiff's attorney, and noticed it for taxation before a justice of the supreme court at his chambers in the city of Poughkeepsie. An order was made taxing and allowing the said bill, and from this order plaintiff appeals.

*William M. Mullen,* for appellant.

*J. D. VanHovenberg,* for respondents.

PRATT, J.—By section 3287 of the Code a motion to tax the fees of a sheriff should be made within the county. And had the objection been raised in season it would have been the duty of the judge to have refused to proceed with the taxation.

The objection could be waived, and proceeding without objection was a waiver. The case is analogous to the trial of an action at law. If objection is made, that can only take place within the proper county.

Yet for considerations of convenience such trials frequently take place in another connty, and the validity of the judgmentrendered upon such trials has never been impugned.

The amount allowed upon the taxation was reasonable, and the taxation must be affirmed, with costs.

DYKMAN, J., concurs; BARNARD, P. J., not sitting.

---

WILLIAM HARRIGAN, Respondent, *v.* THE CITY OF BROOK-LYN, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May,* 13, 1889.

*City of Brooklyn. Presentation of claims.*—Section 30 of title 22 of chap. 583, Laws of 1888, applies to cases where the claim arises out of contract, and not to claims arising out of torts.

Action to recover damages for personal injuries alleged to have been caused by defendant's negligence. The defendant demurred to the complaint on the ground that the complaint contained no allegation that plaintiff had before bringing suit, presented his claim to the city comptroller, as required by chapter 583, Laws of 1888. The court overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.